## NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

**No. 4401.**—Invoices dated Kobe, Japan, September 14, November 10, 1933.
Certified September 15, November 13, 1933.

Entered at Los Angeles, Calif., October 13, December 5, 1933.
Entry Nos. 2478, 3819.

(Decided September 29, 1938)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster,* special attorneys), for the defendant.

McCLELLAND, Presiding Judge: These are appeals to reappraisement. No. 112295-A is typical of both appeals, and is in the following form:

UNITED STATES CUSTOMS SERVICE

District No. 17, Port of Los Angeles, Calif.,
2-4-36

To the UNITED STATES CUSTOMS COURT,
*New York, N. Y*

Gentlemen:

Pursuant to the provisions of Section 501 of the Tariff Act of 1922, we hereby appeal from the appraisement by the United States Appraiser to a reappraisement by a Justice of the United States Customs Court, upon certain beach sandals imported by us in the S. S. Kirishima Maru, entered 10-13-33.

Entry No. 2478, Collector's Appeal No. 3194.

Respectfully,

New York Merchandise Co. Inc.
(Sgd.) R. HARMON, Atty in fact.

We respectfully request hearing at New York.

It will be observed that in form, at least, the appeal in each instance is against the appraisement, in other words, the findings of value by the United States appraiser. When these appeals came on to be heard counsel for the appellant made a motion expressed in the following language:

I move for a judgment vacating the appraisements, and for a judgment declaring the appraisements null and void, on the ground of failure to comply with the requirements of section 499, of the Tariff Act of 1930, on the ground that the collector had failed to designate one out of ten packages as required

by section 499, and on the further ground that the appraiser had failed to examine one out of ten packages as required under section 499, and I move in evidence the official papers, directing the Court's attention to the statements as to packages to be examined as appear on the summary sheets attached to the invoices.

To the motion to admit the papers in evidence counsel for the Government offered no objection, and it was granted. Thereupon Government counsel offered in evidence a copy of a letter dated March 25, 1938, addressed to the collector of customs at the port of Los Angeles by Charles D. Lawrence, Acting Assistant Attorney General, together with a reply thereto bearing date April 16, 1938, from the collector. These were received and marked Collective Exhibit 1, and read as follows:

*March 25, 1938.*

The COLLECTOR OF CUSTOMS,
 *Los Angeles, Cal.*

SIR:

*Re:* Reappraisements Nos. 112295–A/3194 and 112296–A/3195 of New York Merchandise Co.

Counsel for importers contemplate making a motion to vacate and set aside appraisement in the above cases as null and void because of the alleged failure to comply with the requirements of Section 499 of the Tariff Act of 1930 with respect to the designation and examination of one package out of ten packages.

We are requesting the Clerk of the United States Customs Court to forward the official papers to you for your perusal so that you may advise this office as to your contentions relative to the number of packages designated for examination, as well as the actual number of cases examined.

Please also indicate in your reply the place where the merchandise was examined.

We are forwarding a copy of this letter to the Appraiser at your port, and it is suggested that you confer with him in order that we be informed of all the facts which will enable us to reply to the contemplated motion.

If you proceeded under any special regulation or letter of authority from the Customs Bureau or the Secretary of the Treasury, please forward a copy thereof to this office.

After the papers reach you and have served their purpose, kindly return them to the Clerk of the United States Customs Court.

This communication is in lieu of our letter of February 5, 1938.

 Respectfully,

 CHARLES D. LAWRENCE,
 *Acting Assistant Attorney General.*

---

TREASURY DEPARTMENT,
UNITED STATES CUSTOMS SERVICE,
*Los Angeles, Calif., April 16, 1938.*

OFFICE OF THE COLLECTOR,
 District No. 27.
ASSISTANT ATTORNEY GENERAL,
 *201 Varick Street, New York, N. Y.*
SIR:

Receipt is respectfully acknowledged of your letter dated March 25, 1938, in connection with Reappraisement Nos. 112295–A/3194 and 112296–A/3195, filed by the New York Merchandise Co.

You are advised as follows: D. E. 2478 of October 13, 1933 (Reappraisement No. 112295–A/3194) covered 100 cases, of which 3 cases were delivered to the Appraiser's Store, and were actually examined, the balance of 97 cases being ordered examined at dock, which examination consisted only of a check of the marks and numbers. D. E. 3819 of December 5, 1933 (Reappraisement No. 112296–A/3195) covered 86 cases, of which 6 cases were delivered to the Appraiser's Store and were actually examined, the balance of 80 cases being ordered examined at dock, which examination consisted only of a check of the marks and numbers.

This office did not proceed under any special regulation or letter of authority from the Customs Bureau or the Secretary of the Treasury.

Respectfully,

WILLIAM JENNINGS BRYAN, Jr.,
*Collector of Customs.*
By CHARLES W. SALTER (Signed),
*Assistant Collector.*

From the language of the appeals above quoted it is unmistakable that the intent of the appellant at the time of the filing thereof was to obtain a review of the appraised values fixed upon the involved merchandise by the appraiser with the view of having lower values determined upon in the reappraisement proceedings. Examination of the official papers in evidence discloses that there were not only advances over the entered values made by the appraiser but, in addition, that dumping duties also accrued.

Prior to the submission of the appeals, the following was placed upon the record by counsel:

Mr. SPECTOR. It is also stipulated in the event that the court finds there was proper designation that on the merits, that the importer has abandoned his case as far as the merits of the appeal goes.

Mr. MANDELL. It is agreed that the importer's claims are confined solely to the question as to whether or not there had been a compliance——

Presiding Judge McCLELLAND. A legal appraisement.

Mr. MANDELL. A legal appraisement.

It is thus evidenced that the only questions left to be decided are (1) whether or not the collector at the time of entry made such a designation for examination of the merchandise as is required by section 499 of the Tariff Act of 1930, and (2) whether the appraiser made such an examination of the merchandise as is required by the same section.

The designation made by the collector noted upon the summary sheet attached to the entry covered by reappraisement 112295–A appears in the following form under the caption "Packages to be Examined":

Bal. Examine at Dock
5778
5680
5694
———

3

and the designation made in the matter of the entry covered by reappraisement 112296–A, appears as follows:

> 7060
> 7081
> 7224
> 1141
> 300
> 310
> ———
> 6 cs.
> Bal. Examine at Dock

It is not disputed that, while section 499, *supra*, requires the collector to designate not less than one out of every ten packages on each invoice for examination by the appraiser, the collector may direct examination of imported merchandise at the wharf or any other place suitable or convenient for such purpose, and, further, that he may designate all of the merchandise for examination. I have not the slightest doubt that the collector's designation in each of these cases was a compliance with the requirement of the statute since it is evident from an examination of the invoices that the merchandise was all of the same general character and since 3 packages out of 100 on one invoice, and 6 out of 86 on the other, were designated to be examined at the appraiser's stores, while the balance in each case was designated as a whole to be examined on the wharf. Nothing therefore remained to be done to admit of a full legal appraisement of all the merchandise so far as the collector was concerned, but whether the appraiser's examination was in compliance with the statute is altogether another question.

It will be observed that section 499, *supra*, provides that—

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be *opened* and examined for the purpose of appraisement * * *.

The statement embodied in the collector's letter to the Acting Assistant Attorney General forming part of Collective Exhibit 1 plainly concedes that the 3 cases on the one invoice and the 6 cases on the other designated for examination were each "actually examined," and that the balance, 97 cases on the first invoice, and 80 cases on the second, which were directed to be examined on the dock, were not opened, but that the examination thereof consisted only of a check of marks and numbers.

Manifestly the appraiser did not see the contents of any of the cases designated for examination on the wharf, and therefore could not have made such an examination of at least seven covered by the first invoice and three covered by the second, in addition to the cases examined at the appraiser's stores, so as to have examined at least

one case out of each ten cases covered by the invoices as the statute requires him to do. In this connection see *United States* v. *Davis, Sinai Kosher Sausage Factory*, 20 C. C. P. A. 305, T. D. 46087, wherein Judge Lenroot, writing the unanimous opinion of the court, said:

In the case at bar all of the merchandise was designated for examination. Whether under such designation it was necessary that every package of merchandise be examined in order that there be a valid appraisement we need not here determine; but it clearly was necessary that at least one package of every ten packages of merchandise be examined, for the fair construction of section 499 is that Congress deemed that there could not be presumed to be a fair appraisement of imported merchandise unless there was an examination of at least one package of every ten packages of such merchandise. Inasmuch as the Customs Court, Second Division, found that less than one package of every ten packages was examined for purposes of appraisement, and such finding was clearly warranted by the evidence, we are constrained to hold that the appraisements involved herein, made by the local appraiser, were void. We think this conclusion is supported in principle by the cases of *Converse* v. *Burgess*, 18 How. 413; *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007; and *Loeb* v. *United States, supra* (1 Ct. Cust. Appls. 385, T. D. 31479).

Under later decisions of this court it is now well settled that an importer upon appeal to reappraisement may make the contention that an appraisement is void, and if he is successful in sustaining such contention he is entitled to a judgment by the reappraisement court adjudging that the appraisement made by the local appraiser is void. *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *United States* v. *Porto Rico Coal Co.*, 17 C. C. P. A. (Customs) 288, T. D. 43716; *United States* v. *R. R. Rogers Chemical Co.*, 18 C. C. P. A. (Customs) 45, T. D. 44024; *Innis Speiden & Co.* v. *United States*, 19 C. C. P. A. (Customs) 1, T. D. 44789; *United States* v. *Allenby & Co.*, 20 C. C. P. A. (Customs) 80, T. D. 45703.

Therefore, the motion of the plaintiff for a judgment declaring the appraisements in the cases at bar null and void on the ground that the appraiser failed to examine one out of ten packages as required by section 499, *supra*, must be and is granted.

I have reached this conclusion regretfully since the acceptance in the record of the values found by the appraiser in the event of it being held that the designation by the collector and the examination by the appraiser were in accordance with the statute is clearly indicative of the fact that through this technical objection to the examination by the appraiser the plaintiff hopes to avoid not only the regular duty resulting from the advance made by the appraiser, but also the additional duties as well as the dumping duties, which, if the appraiser's examination had been in accordance with the statute, for aught that appears in the record, would have been justly due the Government.