(C. D. 429)

GERSHGORN & Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 30, 1941)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before BROWN, TILSON, and WALKER, Judges; OLIVER, P. J., not participating

TILSON, Judge: This suit was filed by the plaintiffs seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported merchandise. Duty was levied on the merchandise at 60 per centum under paragraph 1527 of the Tariff Act of 1930 as unfinished jewelry of gold and platinum, and the plaintiffs claim the same to be properly dutiable at 75 cents each and 30 per centum ad valorem under paragraph 367 of the same act and T. D. 48093 as an entirety designed for use as a watch case to be worn on the wrist.

The only evidence offered was the testimony of the customs examiner, and his testimony was not very clear or definite, particu-

larly in the absence of a sample of the merchandise. As an illustration, when the witness was asked to describe the merchandise, he stated:

A. Well, the merchandise was an unfinished gold watch case—not a case, but rather a manufacture of gold. It was not a complete bracelet, nor it wasn't a watch. I don't know how you would describe it. It was a manufacture of gold, about three-quarters of an inch wide.

At another place the witness testified that, aside from the alleged unfinished bracelet and aside from the movement which came in a little metal box, "there is not a gold watch case," and again at another point, referring to the receptacle in the bracelet, the witness stated that he put the watch movement in this receptacle, and that the receptacle was not separate from the bracelet.

Paragraph 1527 (a), under which this merchandise was classified and assessed, reads in part as follows:

Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):
(1) Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum, 60 per centum ad valorem.

The merchandise is claimed to be properly dutiable under that part of paragraph 367 of the Tariff Act of 1930, reading as follows:

(f) All cases, containers, or housings, designed or suitable for the enclosure of any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:
(1) If made of gold or platinum, 75 cents each and 30 per centum ad valorem.

There is no dispute that the so-called bracelet and the container for the watch movement are composed of gold, either wholly or in chief value, nor is there any dispute that in this same shipment there was included a watch movement which was classified and assessed with duty under said paragraph 367 as a watch movement, and which movement the appraiser testified he actually placed in the container or receptacle on the so-called bracelet.

In the case of *Gaston Condas* v. *United States*, Abstract 3486, the merchandise was described by the appraiser as a pendant watch with movements having 19 jewels, the pendant case being composed of platinum, and set with diamonds and pearls and on a silk cord. The pendant case and cord were classified as jewelry at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922, and the movement according to the number of jewels at $10.75 under paragraph 367. They were claimed dutiable at 45 per centum under paragraph 367 of said act, under the provision therein for "watch-cases."

The holding of this court, as reported in said abstract, was as follows:

It was found that the merchandise has a utilitarian purpose and that it is highly ornamental. Its being ornamental, however, was held not to prevent it from being a watch and that the case and the movement are dutiable separately no matter how the case may be described, whether as a pendant or a wrist watch. The court was satisfied that the watch movement was correctly classified. The pendant watchcase, however, was held dutiable at 45 per cent ad valorem under paragraph 367 as claimed.

In the case of *Bernard Judae* v. *United States*, T. D. 43250, the appraiser described the merchandise as follows:

The merchandise in question consists of finger rings composed of gold, designed to hold watch movements, returned for duty as jewelry at 80% ad val. under par. 1428, act of 1922.

The merchandise was claimed to be properly dutiable as watchcases at 45 per centum under paragraph 367 of said act. In deciding that case, the court said:

It is not jewelry, *commonly* so known, and the appraiser by his report removes it from the class of articles *commercially* known as jewelry, for he says it is "designed to hold watch movements." This is the single fact contained in this case. Does it not overcome the presumption of correctness attaching to the action of the collector? We think it does. The collector evidently acted on the facts before him. We must conclude that the facts submitted to him were rings "designed to hold watch movements." That is all that was before him. When there are not any facts shown by the record before the collector there is a presumption he had something that justified his action. In this case there were facts, to wit, finger rings "designed to hold watch movements." That destroys the presumption that he had other facts not disclosed.

We feel that this ring, the purpose of its use being to hold a watch movement, is not assessable for duty purposes, as a matter of law or fact, under the first provision of paragraph 1428, as jewelry either commonly or commercially so known, but is dutiable under paragraph 367 as watchcases or parts of watches, at 45 per cent ad valorem. We so hold. A watch may be worn on a finger as well as the wrist, and under the provision for watch movements and cases such watch would not be jewelry.

It is to be observed that paragraph 367 of the Tariff Act of 1922, under which the above decisions were rendered, insofar as it provides for receptacles for watch movements, provides only for "watchcases and parts of watches," while the provision in paragraph 367 of the act of 1930, under which this case arises, is much broader and covers "All cases, containers, or housings, designed, or suitable for the enclosure of the movements, * * * provided for in paragraph 367 * * *." The provision last quoted is clearly sufficiently broad and comprehensive to cover and include the merchandise in this case. On the record before us and following the authorities cited and quoted we hold the merchandise upon which duty was levied at 60 per centum under said paragraph 1527 to be properly dutiable at 75 cents each

and 30 per centum ad valorem under paragraph 367 and T. D. 48093, as claimed by the plaintiffs.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.