BEFORE THE FIRST DIVISION, JANUARY 26, 1942

**No. 46879.**—Protest 23474–K of Gershgorn & Co. (Los Angeles).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the merchandise in question is the same in all material respects as that the subject of *Gershgorn* v. *United States* (6 Cust. Ct. 72, C. D. 429), except that the instant merchandise is also prepared for the setting of precious or semiprecious stones. In accordance therewith and the trade agreement with Switzerland (T. D. 48093), cited in the stipulation, the watch bracelets in question were held dutiable at 40 cents each and 30 percent ad valorem as claimed.

**No. 46880.**—Protest 42125–K of Wm. Shaland (Seattle).

Opinion by OLIVER, P. J.  In accordance with agreement of counsel at the hearing that the puzzles in question are of the same character and description as those the subject of Abstract 25607, excepting as to size, the claim at 35 percent under paragraph 1413 was sustained.

**No. 46881.**—Protest 74253–K of Irving W. Rice Co. (New York).

Opinion by OLIVER, P. J.  It was stipulated that the atomizers are composed of decorated glass and are similar to those the subject of Abstract 44140.  The claim at 60 percent under paragraph 218 (f) was therefore sustained.

**No. 46882.**—Protest 730569–G of Chas. L. King (New York).

Opinion by OLIVER, P. J.  It was stipulated that the atomizers in question are similar to those the subject of Abstract 44140.  In accordance therewith the claim at 60 percent under paragraph 218 (f) was sustained.

**No. 46883.**—Protest 836162–G of New York Mdse. Co. (Los Angeles).

Opinion by OLIVER, P. J.  It was stipulated that the atomizers in question are composed in chief value of decorated glass and are similar to those the subject of Abstract 44140.  The claim at 60 percent under paragraph 218 (f) was therefore sustained.