(C. D. 611)

N. Y. MERCHANDISE Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 8, 1942)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Alfred R. Taylor, Jr.*, and *Joseph F. Donohue*, special attorneys), for the defendant.

Before CLINE, KEEFE, and WALKER, Judges

CLINE, Judge: This is an action against the United States in which the plaintiff seeks to recover "dumping duties and other duties"

assessed upon an entry of merchandise imported from Japan. It is claimed by the plaintiff that the collector failed to designate for examination the statutory number of packages required by section 499 of the Tariff Act of 1930 and that, as the examination of the merchandise was not made in accordance with the terms of the provision, the appraisement is void and the liquidation based thereon is also void.

When the case was called for trial, the only evidence produced consisted of the official papers forwarded to the court by the collector. These papers were offered in evidence by the plaintiff and the case was submitted with a request for time to file briefs.

This record is very unsatisfactory. Seven invoices are covered by the one entry against which protest was filed and counsel for the plaintiff did not indicate at the trial what claim he relied upon or which invoice covered the merchandise claimed to be incorrectly assessed. The protest is vague but counsel for the defendant did not raise the question as to its validity at the trial. It is against the assessment of "dumping duties and other duties" and apparently the court is expected to examine all of the invoices for the purpose of ascertaining if the collector failed to designate the proper number of cases for examination in any one, and, if so, what injury the importer received from such failure.

Counsel for the plaintiff states the issue in his brief as follows:

The protest noted above is directed against the assessment of dumping duties on the ground that said assessment was illegal and void, because of the non-compliance with the mandatory requirement of section 499 of the Tariff Act of 1930.

The facts are stated in the plaintiff's brief to be as follows:

The merchandise consisted of fly catcher ribbons and the collector designated for Public Store examination four cases under date of March 26, 1937, out of a total of thirty-three cases of merchandise that appeared on the invoice. The entry and invoice papers also show on the entry and on the summary sheet that there was entered a total of 659 cases on this entry and that the number of cases designated by the collector for examination consisted of fifty-four cases.

Counsel for the defendant does not definitely identify the invoice or invoices upon which the merchandise here in issue is located. He states the following in his brief:

Of the seven invoices covered by the entry, there is one to which is attached an appraisement report under the Antidumping Act of 1921. Across the top of the third page appears the following: "Invoice of various Marks & Nos. total Twenty eight (28) c/s Fly Catcher". The case numbers themselves, however, are as follows:

985/91
723/34

This totals only 19 cases and the invoice is so marked. The Summary sheet attached to the invoice notes in red ink that cases 818 and 724 have been examined.

The above does not purport to be a complete and accurate statement of the facts in this case. It is an accurate statement of what we have found. We have

examined the official papers—the evidence upon which plaintiff relied—and our examination has ended in confusion. We cannot discover therein the facts which plaintiff's brief alleges to exist.

We conclude from the statements of counsel that the duty which the plaintiff claims was illegally assessed is the antidumping duty on flycatcher ribbons because plaintiff does not argue in his brief that any "other duties" are involved although the protest makes claim on "other duties." We have examined the seven invoices and find flycatcher ribbons assessed with antidumping duty on invoice number 3. The merchandise is described on that invoice as "Rid-o-fly catcher" and appears to have been imported in cases 985/91 and 723/34. Altogether there appear to be nineteen cases of flycatchers. The statement at the top of the page on which the flycatchers appear is, "Total Twenty-eight (28 c/s Fly Catcher &c)." We construe this to mean 28 cases of flycatchers and other merchandise, not 28 cases of flycatchers. There appear to be 2 commercial invoices attached together and both are included in the recapitulation on the last page of the invoice which shows there were 33 cases of different kinds of merchandise covered by that shipment. On the sheet entitled "Summary of Examination and Appraisement," attached to the invoice, the collector designated four cases for examination, namely, 818, 857, 1262, and 724. Only two of these cases appear to be enumerated in defendant's brief, numbers 818 and 724, but the record shows clearly that four were designated. The same case numbers are enumerated on the page of the entry covering the merchandise on that invoice.

We note that only one case designated for examination (No. 724) contains flycatchers and that the other three cases designated contain other kinds of merchandise.

The provision in the act upon which plaintiff relies reads as follows:

SEC. 499. * * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *

The question for decision seems to be whether the collector designated a sufficient number of cases for examination under the mandatory provisions of the statute. If he failed to do so, the appraisement of the goods is void and the antidumping duties were illegally assessed. *United States* v. *Steffan*, 18 C. C. P. A. (Customs) 455, T. D. 44702; *United States* v. *Davis*, 20 C. C. P. A. (Customs) 305, T. D. 46087; *United States* v. *Gilson*, id., 117, T. D. 45753; *Tower* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943.

The record, as we construe it and as recited by counsel for the plaintiff in his brief, shows that 4 cases were designated for examination by the collector out of the invoice herein involved containing 33 cases. Section 499, above quoted, states that the collector shall designate "not less than one package of every invoice and not less than one package of every ten packages of merchandise." · Four cases out of 33 is a fraction more than 1 in 10.

The merchandise in this case was entered on March 15, 1937. The customs regulation in force at that time, relating to the designation of packages, is found in T. D. 48507 amending section 307 of the Customs Regulations of 1931. It reads as follows:

(c) The collector shall designate, on the summary sheet (customs Form 6417), the packages to be examined, and indicate them on the permit and, if he deems it necessary, on the entry. The summary sheet may be signed only by the collector, the assistant ·collector, a deputy collector, or a customs officer officially acting for one of the officers named. If the merchandise is bulky the collector will direct examination on the wharf or other suitable place, subject to the approval of the appraiser. When merchandise is to be gauged, measured, or weighed, the collector will make such order on the entry, invoice, and permit.

From this regulation it appears to be mandatory that the collector shall designate the packages· to be examined on the summary sheet and on the permit. The designation on the entry is optional. It is obvious from this regulation that the designation on the summary sheet, which is always attached to the invoice, shall refer to the packages on that invoice and that the designation of the cases on each invoice for examination is intended to be a separate transaction.

We are of opinion that the provision in section 499 relative to the designation of 1 package out of every 10 relates to the packages on the invoice upon which the designation is made. Other judges of this court have expressed a similar opinion. In the case of *Geo. W. Beermaker* v. *United States*, 66 Treas. Dec. 1156, 1159, Reap. Dec. 3391, the court said:

The authority to designate less than one package of every invoice, or less than one package of every ten packages of *every invoice* is not left to the discretion of the collector by said section, but this authority is vested solely in the Secretary of the Treasury. [Italics ours.]

In the case of *New York Merchandise Co., Inc.* v. *United States*, 1 Cust. Ct. 629, 633, Reap. Dec. 4401, the court said:

It is not disputed that, while section 499, *supra*, requires the collector to designate not less than one out of every ten packages on *each invoice* for examination by the appraiser, the collector may direct examination of imported merchandise at the wharf or any other place suitable or convenient for such purpose, and, further, that he may designate all of the merchandise for examination. [Italics ours.]

The only case brought to our attention which conflicts in any way with our view of the meaning of the provision is *New York Merchandise Co., Inc.* v. *United States*, 6 Cust. Ct. 73, C. D. 430, where

there were two invoices covered by one entry and the court found that there were sufficient cases designated on both invoices to amount to 10 per centum of the total number of cases on both invoices and held that the collector's designation was sufficient, although on one of the invoices a sufficient number of cases was not designated. A rehearing in that case is pending.

We have examined the other six invoices covered by the entry in this case and have computed the number of cases on each invoice and the number designated for examination. This is shown on the following table:

| Invoice No. | Cases on invoice. | Cases designated for examination. |
|---|---|---|
| 1 | 112 | 12 |
| 2 | 26 | 3 |
| 4 | 15 | 2 |
| 5 | 76 | 8 |
| 6 | 10 | 2 |
| 7 | 387 | 23 |

Those six invoices cover different kinds of merchandise from that on invoice 3 herein involved. A computation will show that an insufficient number of cases were designated for examination on invoice 7. The only question which this survey of the record raises is whether the improper designation of the cases on invoice 7 will make the appraisement of the merchandise on invoice 3 void. We hold that the collector's action on each invoice should be considered separately and that an improper designation on invoice 7 does not affect the appraisement of the merchandise on invoice 3.

Another question for decision is whether the designation of 1 case of flycatchers out of 19 on the invoice meets the provisions of the statute. Of course 1 case in 19 is not 1 in 10 but the statute does not provide that 1 out of every 10 cases of each kind of merchandise shall be designated for examination. The collector designated 4 out of 33 cases on the invoice and we hold that his designation meets the requirement of the statute. The protest is overruled. Judgment will be entered in favor of the defendant.