UNITED STATES *v.* RAPPOLT & Co. (No. 1899).[1]

1. EVIDENCE, PRESUMPTION FAVORS CUSTOMS OFFICERS—"PACKING CHARGES."
    A finding by the appraiser and collector that the value of a carton is part of the value of a handkerchief contained in it and not a packing charge, puts upon one claiming the contrary the burden of proof.

2. CONSTRUCTION, PARAGRAPH I OF SECTION 3, TARIFF ACT OF 1913—"VALUE"— ENTIRETY—ADDITIONAL DUTY—HANDKERCHIEF AND CARTON.
    Handkerchiefs were imported in individual cartons, a number of the cartons being packed in large pasteboard boxes, and a number of the large pasteboard boxes packed in wooden cases. The value of the handkerchiefs alone

---

was stated at entry. The appraiser added the value of the cartons, and the collector imposed the additional duty provided by paragraph I of section 3, tariff act of 1913, in cases where the appraised exceeds the entered value. Since the handkerchief *and the carton* were shown to be the unit of trade in the country whence exported, the value of the carton is a part of the value per se of the handkerchief, and the additional duty was justly imposed.— United States *v.* Spingarn (5 Ct. Cust. Appls., 2; T. D. 34002) and United States *v.* Downing & Co. (7 Ct. Cust. Appls., 479; T. D. 37052).

## United States Court of Customs Appeals, November 26, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41813.

[Reversed.]

*Bert Hanson,* Assistant Attorney General, for the United States.
*Sharretts, Coe & Hillis* (*R. H. Hillis* of counsel) for appellees.

[Oral argument Nov. 8, 1918, by Mr. Hanson and Mr. Hillis.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importation in this case consists of embroidered cotton handkerchiefs manufactured in St. Gall, Switzerland, each handkerchief being separately packed in an individual pasteboard box or carton. When prepared for exportation, a certain number of these boxes were placed in a large pasteboard box, and a number of the latter in turn were packed in outside wooden cases. The goods were subject to an ad valorem duty under the tariff act of 1913.

When the importers came to state the value of the importation at entry they inadvertently failed to include therein at any place or in any manner the cost or value of the individual pasteboard cartons or boxes in which the separate handkerchiefs were contained, the entered value of the per se merchandise being limited, therefore, to the value of the handkerchiefs alone.

Thereupon the appraiser in passing upon the entry added 84 centimes per dozen to the entered value of the merchandise, with the following notation:

Appraiser advances to make market value 0.84 franc per dozen cost of boxes. This cost, though included in the per se value, is not subject to invoice additions for profit and expenses.

When the collector came to liquidate the entry, he held this action of the appraiser to be an addition to the appraised per se value of the merchandise, in which view the appraised value would of course exceed the entered value, and accordingly he assessed the importation with the additional duties provided by paragraph I of section 3, tariff act of 1913. The following is a copy of the provision in question:

* * * And if the appraised value of any article of imported merchandise subject to an ad valorem duty or to a duty based upon or regulated in any man-

ner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected and paid in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total appraised value thereof for each 1 per centum that such appraised value exceeds the value declared in the entry     *     *     *

The importers thereupon appealed to reappraisement, and again to re-reappraisement. In each instance, however, a decision was reached sustaining the action of the local appraiser.

The importers then protested against the assessment of the additional duties, claiming that the value of the individual boxes or cartons, although properly added to the value of the contents as a dutiable charge, was no part of the market value of the merchandise per se, and that on the authority of the decision of this court in the case of United States *v.* Spingarn (5 Ct. Cust. Appls., 2; T. D. 34002), the additional duty in excess of the regular duty was illegally exacted, and should be refunded.

The Board of General Appraisers sustained the protest, and the Government appeals.

The foregoing statement at once discloses that the decision of the present case depends upon the application herein of the rule laid down by this court in the case of United States *v.* Spingarn, supra. In that case it was held that the value of such packing boxes as were part of the charges for preparing goods for exportation only came within the determination of the collector, and not of the appraiser, and it was said that the provisions for " additional duty " did not apply in such cases. In the same decision, however, when speaking of goods contained in packages, it was said:

Such a condition of the merchandise may or may not be an element of the actual market value or wholesale price thereof in the country of exportation according to the customs of the particular trade or country. When such they are not appraised as such, but as a necessary element or part of the actual market value of the goods as sold in the ordinary course of trade in the country of exportation.

See also United States *v.* Downing & Co. (7 Ct. Cust. Appls.; 479, 482–483; T. D. 37052).

Accordingly it appears that the sole question in the present case is whether the value of the individual cartons, which value concededly was inadvertently omitted from the entered value of the importation, was dutiable in this instance as part of the per se value of the merchandise in the country of exportation, in which case the additional duty herein imposed would be justified under the foregoing rule, or whether the value of the cartons was assessable as " packing charges " for purposes of exportation only, in which case the additional duties would not be sustained by the rule as stated.

Upon this issue the board held upon the record that the value of the individual cartons was not part of the per se value of the mer-

chandise in the country of exportation, but was part of the packing charges for exportation only, and therefore that no additional duty should have been assessed upon the merchandise. This conclusion is explained in the following extracts from the board's decision:

The collector in liquidating treated this addition of 0.84 of a franc per dozen as an addition made by the appraiser on the value of the goods and assessed additional duty thereon. The protest is against such action by the collector, claiming that no additional duty should be assessed as the 0.84 of a franc is "packing charges" and not subject to additional duty. We think it was or could be construed as packing charges, which are not subject to additional duty under various decisions of the board and court. Are we authorized from the record to conclude that it is packing charges?

    *          *          *          *          *          *          *

There seems to be no evidence in the case with reference to the method of handling handkerchiefs; nothing to warrant us to assume that handkerchiefs are always bought and sold in packages as these were bought and sold, wherein the inside boxes and cases may be considered to be a part of the per se value, in which case there is some intimation by the courts that such packing would be subject to appraisal by the appraising officer.

We think, however, that the board erred in this conclusion. It should be observed that the appraiser and the collector have both found in this case that the handkerchiefs are bought and sold in individual cartons like these in the usual wholesale quantities in the usual course of trade in the country of exportation, and consequently that the cartons were properly part of the per se unit of merchandise for dutiable purposes. According to this holding it would be within the appraiser's duty to add the value of the cartons to the entered value as an act of appraisement, and in such case the additional duties in question would lawfully accrue. This official finding had the effect of placing the burden of proof respecting the issue upon the protestants; that is to say, it devolved upon them to prove that the boxes in question were not part of the unit of merchandise in the country of exportation. The protestants, however, have introduced no proof whatever to sustain their claim in this behalf, and the presumption of the correctness of the assessment therefore becomes conclusive. Moreover, it is reasonable to believe from the record that the real unit of merchandise as dealt with in the market of exportation was a separate handkerchief, together with the individual carton containing it, as found by the collector; that is to say, the handkerchiefs were not packed in the individual cartons as a means of exporting them, but as a means of selling them as units of merchandise in the open markets of the country of exportation. The cartons thus became integral parts of the merchandise rather than packages for its exportation alone. This view is confirmed, furthermore, by the record in the reappraisement case, which was incorporated in the present record upon the motion of protestants, wherein it is stated:

It is not disputed that the handkerchiefs in question were bought and actually imported one in a box, a single box and a single handkerchief being an en-

tirety. The finding, therefore, must be the value of the entirety in St. Gall at the time of exportation.

This seems to us to be a correct expression of the rule. The board's decision sustaining the protest is therefore *reversed.*