BORGFELDT & CO. *v.* UNITED STATES (No. 2174).[1]

1. PACKING CHARGES.

A given covering of merchandise may or may not be an element of the actual market value or wholesale price in the country of exportation according to the customs of the particular trade or country. If it is such element its value when imported is to be appraised by the appraiser as part of the value of merchandise. If not, its dutiable value is to be ascertained and fixed by the collector alone.— United States *v.* Downing (7 Ct. Cust. Appls. 479; T. D. 37052).

2. EVIDENCE—SUFFICIENCY.

The testimony of the only witness in the case, competent and credible, that, as to the merchandise at bar, it had been for at least 25 years customary for both American and foreign manufacturers to charge a price that included the cost of the immediate wrappings or covers is sufficient to overcome the presumed correctness of the collector's holding that such cost was a separate packing charge.

United States Court of Customs Appeals, January 22, 1923.

[Reversed.]

*Thomas J. Doherty* for appellants.

*William W. Hoppin* (*Pelham St. George Bissell*, special attorney, of counsel), for the United States.

[Oral argument November 22, 1922, by Mr. Doherty and Mr. Hoppin.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

The facts in this case we understand as follows:

The importers brought into this country chinaware from Germany. There were some 11 importations, the one hereinafter discussed being

---

[1] T. D. 39437.

typical. This chinaware is in sets, each set being wrapped or packed in some substance, just what does not appear, and the sets then put into a case and shipped.

In entering the merchandise the value of the chinaware was stated at 1,990 marks, the packing of the sets at 99.50 marks, the case at 126.75 marks and the cartage 6.25 marks. The importer claimed on entry and claims now that the 99.50 marks was and is a part of the home market value of the goods when entered and he entered the same at 1,990 plus 99.50, or 2,089.50 marks. The Government claims that this 99.50 marks is a packing charge not to be regarded as a part of the entered value of the merchandise, therefore not to be appraised by the appraiser, but upon which duty is to be taken by the collector under paragraph R, section 3 of the tariff act of 1913.

As to the cost of the case and the transportation charge there is no issue, and the only question standing for decision is whether the collector was right in taking duty on the 99.50 marks as the expense of packing the merchandise incident to placing it in condition for shipping to the United States, under paragraph R, or whether it was a part of the market value of the merchandise in Germany and dutiable as such.

The appraiser declined to regard the item as part of such market value or to include it in his appraisal of the foreign market value. He regarded the 1,990 marks as the market value of the entered merchandise and then advised the collector that the 99.50 marks was a packing charge and not subject to appraisal.

The Government urges that the importer should have appealed to reappraisment. How he could have done this we do not understand, because the statute paragraph M, section 2, vests such a right in an importer only when he deems the appraisement too high.

It is obvious from what has been said that the question is one of fact, viz, is the 99.50 marks included in the foreign market value at which the merchandise is freely offered for sale in the usual wholesale quantities, etc., under paragraph R, or is it a cost charge or expense incident to placing merchandise in condition packed and ready for shipment?

The collector held against the importer on this question. The Board of General Appraisers upheld the collector.

We must look to the evidence on the question having in mind that presumptively the collector is right.

In United States *v.* Downing (7 Ct. Cust. Appls. 479; T. D. 37052), the court said in substance that a given covering of merchandise might or might not be an element of the actual market value or wholesale price in the country of exportation according to the customs of the

particular trade or country; that if it was such element its value when imported should be appraised by the appraiser as part of the value of merchandise. If not, its dutiable value would be ascertained and fixed by the collector alone.

In United States v. Rappolt (9 Ct. Cust. Appls. 21; T. D. 37846), a similar question was considered. See also United States v. Spingarn (5 Ct. Cust. Appls. 2; T. D. 34002).

No witness testified except Mr. Kolb, vice president of the importing company. He said, referring to the 99.50 marks, "that covers the putting the articles into packages, wrapping them, packing them or into boxes, and is a part of the market value of the merchandise to put them in marketable condition." Further he said that that was the state in which the merchandise entered into trade and had always been so, at least for 25 years, and that it was the general custom both for American manufacturers as well as foreign manufacturers to charge a price for the article which included the immediate wrappings or covers. This evidence was undisputed, and it appears, as already suggested, that the chinaware in this condition is put into cases and shipped to the United States, concerning the dutiable cost of which cases and the straw or excelsior used in packing the same there is no issue here.

We think this evidence sufficient to overcome any presumed correctness of official action and the judgment of the Board of General Appraisers is therefore *reversed*.