UNITED STATES v. GLENDINNING, McLEISH & Co., INC. (No. 2306).[1]

1. EVIDENCE—BURDEN OF PROOF IN REAPPRAISEMENT.

Following the well-established rule ·that the official acts of customs officers are presumed to be correct, an appellant to a general appraiser assumes the burden of submitting competent and relevant evidence of a substantial character tending to prove the issuable facts in order to overcome the presumption of correctness attending the findings of value returned by the local appraiser.

2. EVIDENCE—SUFFICIENCY IN REAPPRAISEMENT.

Proof of the price paid for imported merchandise raises a presumption that this is the market value for appraisement and is sufficient in reappraisement under the tariff act of 1922 to rebut the presumption of correctness attendant upon the unsupported finding by the local appraiser of a higher value.

United States Court of Customs Appeals, May 19, 1924.

APPEAL from Board of United States General Appraisers, Reappraisement Circular 33510.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General, for the United States.
*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellee.

---

[1] T. D. 40229.

[Oral argument May 7, 1924, by Mr. Hoppin and Mr. Place.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers reversing the findings of value of the general appraiser under the tariff act of 1922 in the matter of reappraisements of imported merchandise described as "aero. linen."

This case is submitted to this court upon the following stipulation:

1. The merchandise is described upon the invoices as "aero. linen;" was shipped from Belfast on October 1, October 8, and November 12, 1922; and invoiced at various unit prices and discounts and entered at the same.

2. The appraiser of merchandise at the port of New York made additions to the entered prices to make dutiable value.

3. The importers filed appeals to reappraisement which were heard by United States General Appraiser Weller, at which hearing the importer appeared and testified that he ordered the merchandise by cable, that it was invoiced to him at the prices enumerated upon the invoices, which he accepted, and that he actually paid these prices less the discounts enumerated on the invoice; whereupon the importer rested.

4. Upon the record as thus made, both sides submitted.

5. General Appraiser Weller, as to each of the invoices made the following finding: "Appraised values affirmed."

6. The importer filed petitions for review to a board of three general appraisers, pursuant to which the cases were argued before Board 1, which board, in accordance with its opinion, dated May 22, 1923, in each of the invoices, made the following order: "Entered value sustained."

It is argued by the Government that the evidence submitted by the importer at the hearing before the general appraiser was not sufficient to overcome the presumption of correctness attending the findings of value of the appraiser and that the findings of value as returned by the general appraiser should have been sustained by the Board of General Appraisers.

It is contended by the Government that the only evidence produced by the importer was to the effect that he actually paid for the merchandise the prices enumerated upon the invoices; and as the invoice prices and the entered values were the same and were before the appraiser at the time he made additions to the entered value to make dutiable value, no evidence of a substantial character was added to that theretofore submitted by the importer and considered by the appraiser.

It is a well-established rule of law that the official acts of the customs officials are presumed to be correct.—United States *v.* Rappolt & Co. (9 Ct. Cust. Appls. 21; T. D. 37846).

The jurisdiction of the general appraiser having been invoked by the appeals to reappraisement filed by the importer, it was incumbent upon him to submit in the first instance competent and relevant

evidence of a substantial character tending to prove the issuable facts, in order to overcome the presumption of correctness attending the findings of value returned by the appraiser. If he did submit such evidence to the general appraiser, the Government having presented no evidence, the findings of the general appraiser should have been in accordance with the evidence adduced by the importer. If he failed to submit evidence of the character stated, the presumption of correctness attending the findings returned by the appraiser was not overcome, and the findings of value returned by the general appraiser should have been sustained by the Board of General Appraisers.

It seems to us that a fair and reasonable construction of the stipulation before us establishes the following facts: The goods were ordered by cable, the order was accepted and the merchandise was shipped in three shipments, October 1, October 8, and November 12, 1922; the facts as stated constituted an order and an acceptance, a purchase and sale, at prices "enumerated upon the invoices."

In the absence of evidence to the contrary it seems to us that we may assume the natural sequence of events in transactions in due course of trade, and that therefore the merchandise was shipped within a reasonable time after the receipt of the order therefor and at prices prevailing in the markets of the country at or near the time of shipment or exportation.

The importer paid the prices enumerated in the invoices.

This evidence is substantially more than a mere examination of the invoices and the prices written therein, and the affidavit in connection therewith; it is competent evidence of the entire transaction and of the issuable facts before the general appraiser for consideration, and eliminated from consideration and conjecture, in the absence of any impeaching testimony, many and various questions that may have been under consideration by the appraiser when he performed his duties of appraisement. In any event it was competent, relevant testimony of a substantial character and of sufficient probative force to overcome the presumption of correctness attending the findings of value returned by the appraiser. It was not conclusive evidence of the facts. The Government might have offered evidence of a substantial, contradictory character, and findings of value may have been returned by the general appraiser in accordance therewith. The Government offered no evidence.

The findings of value returned by the general appraiser should have been in accordance with the evidence submitted at the hearing.

The judgment of the Board of General Appraisers is *affirmed*.