UNITED STATES *v.* K. IGUCHI

No. 4611.—Invoice dated Tokyo, Japan, April 24, 1937.
 Certified April 30, 1937.
 Entered at Providence, R. I., June 1, 1937.
 Entry No. 1050.

(Decided June 23, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the plaintiff.

*Jerome G. Clifford* (*John F. Kavanagh* of counsel) for the defendant.

TILSON, Judge: The merchandise involved in this appeal consists of canned tuna fish imported into the United States from Japan, and entered for consumption on June 1, 1937. The merchandise is described on the invoice as "CANNED TUNA FISH, 'Gladiola' Brand, Flake, and 'Azalea' Brand, Fancy." The 6½-ounce cans of the "Gladiola" brand, flake, were entered at $3.60 per case, the 12-ounce cans of the same brand were entered at $6.40 per case, and the 13-ounce cans of the "Azalea" brand, fancy, were entered at $8.75 per case, less certain nondutiable charges and the importer adding 5 cents per case on 250 cases for cartage and lighterage. The merchandise was appraised as entered. Thereafter the collector filed an appeal for a reappraisement, and when the case was called for a hearing it was abandoned.

Giving full force and effect to the provision in section 501 of the Tariff Act of 1930 that:

> The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

I find the proper dutiable values of the merchandise in this case to be the appraised values.

In the case of *United States* v. *Lilly*, 14 Ct. Cust. Appls. 332, T. D. 41970, in dealing with the classification of the collector, the appellate court held:

> The collector, having classified the goods under said paragraph 217, when the matter came to the attention of the court below, the presumption was that he had found all the necessary facts to exist which brought the goods within that classification, and that his classification was correct.

It should be noted that the above holding was predicated upon the naked presumption of correctness attaching to the acts of all Government officials, without the fortification of a provision like that contained in said section 501, quoted above.

In view of the quoted provision from said section 501, and on the authority of *United States* v. *Lilly, supra*, I hold that when this matter came to my attention the presumption was that the appraiser had found all the facts necessary to support his appraisement, including export value as the basis of his appraisement, and the market value or price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, if not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States. Judgment will be rendered accordingly.