UNITED STATES v. H. P. LAMBERT CO. ET AL.

No. 5182.—Invoices dated Tokyo, Japan, June 7, 1938, etc.
Certified June 9, 1938, etc.
Entered at Boston, Mass., July 9, 1938, etc.
Entry Nos. 290, etc.

Third Division, Appellate Term

(Decided March 24, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett* and *Daniel I. Auster*, special attorneys), for the appellant.
*Jerome G. Clifford* (*George W. Israel* of counsel) for the appellees. *John F. Kavanagh*, amicus curiae.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is an application for review of the decision of the trial court in *H. P. Lambert Co. et al.* v. *United States*, Reap. Dec. 4871. At the trial ten appeals for reappraisement were consolidated for hearing and the testimony of two customs officers at Boston was introduced regarding the designation of the cases of merchandise for examination and the examination of the goods. Also the testimony of Mr. J. T. Hashimoto, introduced in reappraisement 120340–A, etc., at Providence was incorporated by consent, subject to the objections and rulings in that case.

The trial court overruled the importers' claim that the appraisement was void because of improper designation of cases for examination and the importers filed no application for review of that ruling before this division. The trial court appraised the merchandise, however, and held that the invoice values, less ocean freight, marine insurance, cartage and lighterage, and consular fee were the dutiable export values of the merchandise. The Government, the defendant below, filed this application for review of the trial court's decision.

The merchandise under appraisement consists of canned tuna fish imported from Japan on various dates from April, 1937, to June, 1938.

■■■■■■■■

In all of the cases the importers made advances in value on entry to meet advances made in other cases by a United States appraiser and the goods were appraised at the entered values. The cans of tuna fish are of different sizes, qualities, and values. For instance, the shipment in April, 1937, covered by reappraisement 123583–A, contains four different sized tins and three different qualities. The claimed values, invoice values, and entered values are as follows:

| | | | Claimed values per case | Invoice values per case | Entered values per case |
|---|---|---|---|---|---|
| Gladiola Brand | 48/6½ oz. tins | | $5. 50 | $3. 60 | $3. 80 |
| " " | 48/12 " " | | 10. 40 | 6. 40 | 6. 80 |
| Azalia " | 48/13 " " | | 13. 70 | . 8. 75 | 9. 30 |
| Clover Farm " | 48/7 " " | | 7. 60 | 4. 95 | 5. 25 |

From the above unit values in the column headed by the words "Claimed values," there is a deduction of 1 per centum and a deduction for profit and expense, transportation charges, and 45 per centum duty, making a United States value, and, from the unit values in the column headed by the words "Entered values" there is a deduction of ½ per centum and a deduction for ocean freight, marine insurance, cartage and lighterage, and consular fee.

In some of the other cases the claimed values do not appear to be the United States values. For instance, in No. 123051–A, 7-ounce tins were invoiced at $4.95 per case and 30 cents per case was added on entry, making a c. i. f. value of $5.25 per case from which there was deducted the ocean freight, marine insurance, cartage and lighterage, consular fee and ½ per centum. The claimed value is on the same basis except that the unit value is $4.95, the same deductions being made therefrom. We note that the slip attached to the invoice explaining the addition specified $4.95 c. i. f. as the "Foreign Market value." In No. 129184–A, the slip of yellow paper attached to the invoice and explaining the additions on entry specifies that the entered value is the "Home market value." We find no notations in the papers indicating that any of the prices in any of the cases are export values.

The evidence upon which the trial court appraised the merchandise is meager. The witness, J. T. Hashimoto, testified that he was the vice president of Toa Kigyo Corporation, the importer in the Providence case, and that he was in charge of sales and buying. He was shown the papers in the case and testified as follows:

Q. Did you have anything to do with the purchase and sale of this merchandise?—A. Yes, sir. We received the order from a customer and we placed the order in Japan.

Q. Was that done through you personally?—A. Yes, sir.

Q. How did you place that order?—A. By cable.

Q. Do the prices on these invoices here represent the prices you paid for this merchandise?—A. Yes, sir.

\* \* \* \* \* \* \*

Q. Have you been in Japan?—A. Many times.

Q. When was the last time you were there?—A. In 1935.

Q. Some of this merchandise was shipped in 1937?—A. Yes, sir.

\* \* \* \* \* \* \*

Q. You testified that the price paid for this merchandise was the price shown on the invoices?—A. Yes, sir.

Q. You paid exactly what appears on these invoices?—A. Yes, sir.

Q. Could any one in the United States get that quality represented on these invoices by paying that price?—A. Yes, sir.

Mr. FitzGibbon. I move to strike that out. That would be a matter for the office on the other side.

Mr. Kavanagh. He is in charge of the selling here and transmitting the orders and should be a in a position to know.

Q. You send all the orders?—A. Yes, sir.

Mr. Kavanagh. On reappraisement No. 123046–A, take for example, and we want 150 cases of canned white meat tuna fish in salad oil, c. i. f. could any one get that by paying the price shown on this invoice?—A. Yes, sir.

Mr. FitzGibbon. I object to that as wholly immaterial, asking this man what he would sell it to some one else for.

Judge Tilson. Objection sustained. That has nothing to do with it.

Mr. Kavanagh. Exception, please.

An examination of the above excerpt from the testimony will demonstrate that all of the competent evidence relating to value which was admitted by the trial court is to the effect that the prices on the invoice were the prices which the importer paid for the merchandise. The statement of the witness that anyone in the United States could buy the goods at the same prices which the importer paid was stricken out on motion of the Government attorney. That ruling is not assigned as error before this division and therefore will not be reviewed.

We find no evidence in the record with respect to the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade either for home consumption or for export to the United States. The burden is on the plaintiff in a reappraisement case to establish the foreign value, or the absence thereof, and the export value, or the absence thereof, in order that the court may determine which is higher if they both exist, and he must show the principal market in the country of exportation and the usual wholesale quantities in which the merchandise is freely offered for sale in that principal market in the ordinary course of trade. The plaintiff must establish every essential element necessary to enable the court to make an appraisement, citing *Meadows Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *United*

*States* v. *Gane & Ingram, Inc.*, 24 C. C. P. A. 1, T. D. 48264. In the last case cited, the court said on page 6:

In view of the obvious failure of the importer to sustain the burden resting upon it with respect to United States value, there should have been a dismissal of its appeal to reappraisement, the result of which would have been to leave in full force and effect the value fixed by the local appraiser. We think such action should be taken now.

The defendant argued before this division that the value of the merchandise in the instant shipments was settled by the decision of the trial court in *United States* v. *K. Iguchi*, 2 Cust. Ct. 1041, Reap. Dec. 4611, and *K. Iguchi* v. *United States*, Reap. Dec. 4698, and, inasmuch as there was no appeal from these decisions the matter is *stare decisis*, citing *American Shipping Co.* v. *United States*, Abstract 45214. *United States* v. *K. Iguchi, supra*, related to an appeal for a reappraisement filed by the Government and it appears from an examination of that decision that the appeal was abandoned by counsel for the Government without the introduction of evidence. The case of *K. Iguchi* v. *United States, supra*, contains the record from which the testimony of J. T. Hashimoto was incorporated in this case.

Substantially the same circumstances prevailed in the case of *H. W. Robinson & Co.* v. *United States*, 25 C. C. P. A. 395, T. D. 49484. The collector filed an appeal for a reappraisement of decorated bottles and atomizers and the trial court decided the case in favor of the importer. (*United States* v. *H. W. Robinson & Co.*, 67 Treas. Dec. 1449, Reap. Dec. 3571.) That decision was affirmed on an application for review (*United States* v. *H. W. Robinson & Co.*, 69 Treas. Dec. 1427, Reap. Dec. 3817), and no appeal was taken from that decision. In the meantime, the appraiser made an advance in value on another shipment of the same kind of merchandise and the importer appealed for a reappraisement. The record in the former case was incorporated and further evidence was introduced and the trial judge sustained the importer's contention and his decision was affirmed by the appellate division. *United States* v. *H. W. Robinson & Co.*, 71 Treas. Dec. 1380, Reap. Dec. 4064. However, that case was appealed to the appellate court and the second decision of the appellate division was reversed. See also *Sol Raphael* v. *United States*, 23 C. C. P. A. 253, T. D. 48110; *Stone & Downer Co. et al.* v. *United States*, 19 C. C. P. A. 259, T. D. 45388; *United States* v. *Stone & Downer Co.*, 175 Fed. 33, T. D. 30228. In the latter case, which is a decision of the United States Circuit Court of Appeals, the court said:

The decision of the circuit court rested the case on the 10 per cent ad valorem duty under section 6. That court, however, expressed no opinion itself on the topic, but merely followed the circuit court for the second circuit in Boericke & Runyon Company v. United States (126 Fed. Rep., 1018; T. D. 24886). This

it clearly was justified in doing, whether or not it fully approved that decision. *On the other hand, being a decision only of the circuit court, it does not stand as an authority binding us.* [Italics ours.]

We are of opinion that the decision of the single judge in the previous decisions is not binding on this division.

The trial court stated that the counsel for the Government failed to introduce a customs agent's report which he had in his possession and the failure to introduce that evidence gives rise to the inference that if such evidence were produced it would be unfavorable to him. The court quotes facts to sustain his finding concerning the customs agent's report from *K. Iguchi* v. *United States*, Reap. Dec. 4698. That quotation is not in the record in this case, however, because the only part of the record in that case which was incorporated in this is the testimony of Mr. J. T. Hashimoto. This is shown by the following excerpt from the record:

Mr. KAVANAGH. * * * In that connection I believe Mr. FitzGibbon will agree to Mr. Hashimoto's testimony taken at Providence in Reap. No. 120340–A, etc., being made a part of the record here, subject to the same objections and rulings.

Mr. FITZGIBBON. No objection.

Judge TILSON. So Ordered.

The defendant cities *United States* v. *Glendinning, McLeish & Co.*, 12 Ct. Cust. Appls. 222, T. D. 40229, and argues that said decision is controlling herein as it has never been reversed or even cited by the appellate court. In that case the evidence showed that the importer ordered merchandise by cable and it was invoiced to him at the price paid therefor. The appellate division of the Board of General Appraisers found that the evidence was sufficient to establish the value of the merchandise at the invoice prices and, on appeal, the decision below was affirmed by the appellate court. The tariff law gives the appellate court jurisdiction to review questions of law only. It cannot weigh evidence in a case, and, if there is any evidence to support the findings of fact of the Board of General Appraisers (now the United States Customs Court), its decision must be affirmed. The Appellate Division of the Customs Court has power to review the facts as well as the law in a reappraisement case. The requirements of proof in such a case have been defined in many subsequent decisions of this and the appellate court and we hold that the evidence in this case fails to establish all the essential elements necessary to enable the court to appraise the merchandise. The judgment below is reversed and the cases are remanded to the trial court with instructions to dismiss the appeals.