HERZIG & HART, INC. *v.* UNITED STATES

**No. 5278.**—Invoice dated Tientsin, China, December 16, 1936.
Certified December 17, 1936.
Entered at New York February 8, 1937.
Entry No. 61321.

(Decided May 22, 1941)

*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

WALKER, Judge: This appeal to reappraisement involves the dutiable value of certain fur skins and fur plates exported from China on December 17, 1936, and entered at the port of New York on February 8, 1937.

The shipment involved covers a number of different kinds of skins, invoiced, entered, and appraised at various prices, but a consideration of one item will serve to illustrate the situation applicable to all. This item is described on the invoice as "100 White Lamb Plates" and was invoiced at $1.80 each, United States currency, "C. & F. New York," and a notation on the invoice indicates that the following charges were included in the above price: export duty, packing charges, freight, and consular invoice. It was entered at $5.50 Mexican each, less charges for export duty, freight, and consular invoice, and was appraised at a total price of 550 Tientsin Yuan dollars, plus packing.

I find the following notation as to the appraisement on the consular invoice: "Mdse. appraised in Tientsin Yuan dollars as per sheets marked X, plus packing." There are attached to the consular invoice a number of tissue paper sheets, all but one, which is a packing list, being marked X, each sheet apparently containing a detailed statement as to each particular item of merchandise. The sheet covering the item under consideration reads as follows:

LAMB PLATES

| Lot Nos. | Merchandise | Pieces | Cost $ | Seller |
|----------|-------------|--------|--------|--------|
| 2200 | Lamb Plates | 100 | 550.00 | Heng Lee |

Average price M$5.50

The sheets marked X were apparently attached to the consular invoice at the time of appraisement, but whether or not they form part of the consular invoice itself does not appear.

Plaintiff's witness Bernstein testified that he purchased the fur skins and plates involved in China for the importers from different Chinese merchants through a comprador; that the consular invoice is a correct statement of the total price paid for the skins plus all the expenses in connection with the invoice, representing a c. i. f. New York cost; that he calculated the figures shown on the tissue-paper sheets and a girl in the office made them up, and that the figure shown under the heading "Cost" represents the total cost of the skins including all expenses.

On cross-examination Mr. Bernstein stated that he could not tell exactly how much was paid to the sellers for the skins or what the exact charges were in each instance. He further stated that no in-

-voices were supplied by the Chinese merchants in connection with the purchases of the skins, but that he received only slips from the ·compradors, but he was unable to produce these slips as he had not kept them, and had kept no records of the sums paid.

Mr. Bernstein testified on redirect examination that the manner of ·calculating the cost was as follows:

We figured up say 420 dogskins, purchased in two lots; so we know what we pay in Chinese dollars for this year's goods. When I get all of my bills from the ·comprador, and we have the export duties, charges, freight, and all things, we have this item. I take the charges at the end; when I get all of my charges I take my cost and I take the charges, and divide up all the different items, and have the amount. (R. p. 9)

At the close of plaintiff's case Government offered no evidence but moved to dismiss the importer's appeal to reappraisement—

upon the ground that the importer has failed to prove all the elements required to be proven, under the decisions of the court, such as the decision in *T. D. Downing & Co.* v. *United States*, 20 C. C. P. A. 251.

In the brief filed on behalf of the defendant the foregoing motion is pressed and numerous citations made in support thereof. I have carefully considered the record in the case before me and studied the cases cited, and conclude therefrom that defendant's motion to dismiss must be granted.

All of the evidence introduced on behalf of the plaintiff was directed toward establishing that the figures shown on the sheets marked X under the caption "Cost" included certain charges and represented the total price paid for the goods. I am of the opinion that such evidence, giving it all the weight to which it is entitled, is not sufficient to sustain the burden of proof which the plaintiff assumed by appealing for a reappraisement by a single judge of this court.

Plaintiff evidently proceeds on the theory that there is no dispute as to the *per se* values of the merchandise. This, however, is not so. The appraiser found that the value of the merchandise, including all of the elements, except the cost of packing, entering into the foreign or export value, whichever formed the basis of appraisement, was in each case represented by the figures in Tientsin Yuan dollars set forth on the sheets marked X, that is to say, that such figures represented the *per se* values of the merchandise. On the other hand the plaintiff claims that such figures included not only the *per se* value of the merchandise but also the cost of packing, export duty, freight to the United States, and consular invoice. Since the costs and charges are set forth on the consular invoice and were not subject to appraisement, it is at once apparent that the real dispute herein centers about the *per se* values of the merchandise.

In presenting its case plaintiff made no endeavor to establish the elements of any of the values set forth in section 402 of the Tariff

Act of 1930 but confined itself to showing that the prices set forth on the sheets marked X represented the prices actually paid for the merchandise and that such prices included the cost of packing, export duty, freight, and consular invoice. Since there is no legal admission that the prices shown on the sheets marked X, represent anything but the *per se* values of the merchandise it was incumbent upon plaintiff, if it hoped to succeed, to establish that such prices represented one of the values set forth in section 402, *supra*, including the nondutiable charges. This it failed to do, and established only, as hereinbefore stated, that such prices represented the total price paid for the merchandise.

The question then arises whether evidence as to the price paid for the merchandise, standing alone, is sufficient to overcome the statutory presumption found in section 501 of the Tariff Act, *supra*, that—

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

and in my view, it is not. I am not unmindful of the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Glendinning, McLeish & Co., Inc.*, 12 Ct. Cust. Appls. 222, T. D. 40229, wherein it was held that (quoting from the headnote):

Proof of the price paid for imported merchandise raises a presumption that this is the market value for appraisement and is sufficient in reappraisement under the Tariff Act of 1922 to rebut the presumption of correctness attendant upon the unsupported finding by the local appraiser of a higher value.

The presumption referred to in the *Glendinning* case was the general presumption that the official acts of customs officials are presumed to be correct, there being no statutory presumption, such as the one quoted above, in the Tariff Act of 1922.

While there has been no case decided by the Court of Customs and Patent Appeals squarely holding that the *Glendinning* case does not represent the law under the Tariff Act of 1930, there have been a number of cases decided since by that tribunal on the subject of the burden of proof assumed by the plaintiff in reappraisement cases which indicate that proof of the price paid for the merchandise is not sufficient, standing alone, to establish market value. Among these may be cited *Meadows, Wye Co.* v. *United States*, 17 C. C. P. A. 36, T. D. 43224; *United States* v. *Malhame & Co.*, 19 id. 164, T. D., 45276; *United States* v. *T. D. Downing Co.*, 20 id. 251, T. D. 46057; *United States* v. *Gane & Ingram, Inc.*, 24 id. 1, T. D. 48264; *United States* v. *Manahan Chemical Co., Inc.*, 24 id. 53, T. D. 48333, and *Lovell, Dressel Co.* v. *United States*, 25 id. 64, T. D. 49064. The foregoing cases express the rule that the burden of affirmatively proving *every element* of the claimed value is upon the appealing party.

Note also the following pertinent language found in the opinion of the Court of Customs and Patent Appeals in the case of *Transatlantic Shipping Co., Inc.* v. *United States*, 28 C. C. P. A. 19, C. A. D. 118:

On the question of export value, the fact that the manufacturer sells at undisclosed prices to two unidentified customers in the United States as well as to the Absorbo Beer Pad Co., Inc. [the importer], supported by no further evidence than that of the single witness [the president of the importing corporation] who said he knew from his knowledge of the trade that his competitors could buy at the price he paid, does not in a statutory sense prove export value, as may be clearly observed by a mere reading of section 402 (d), *supra*.

There are also a number of decisions of this court to the effect that in view of the statutory presumption found in the Tariff Act of 1930 which was not embodied in the corresponding provision of the Tariff Act of 1922, the *Glendinning* case does not represent the law applicable under the Tariff Act of 1930. In this connection see *John T. Hardaker, Inc.* v. *United States*, Reap. Dec. 3762, and *Sanders Mfg. Co.* v. *United States*, Reap. Dec. 5044. Note also *United States* v. *H. P. Lambert Co. et al.*, Reap. Dec. 5182.

In view of the record made and the foregoing decisions I am satisfied that the evidence offered herein on behalf of the plaintiff is insufficient to make out a *prima facie* case overcoming the presumption of correctness attaching to the appraisement and establishing the values contended for by the plaintiff. The motion to dismiss the appeal is therefore granted, and judgment will issue accordingly.