BEFORE THE SECOND DIVISION, OCTOBER 13, 1961

No. 66143.—Karl Schroff & Associates, Inc. (for the account of Norwood Imports) *v.* United States, protests 60/17717–11413 and 61/2118–12084 (Chicago).

LAWRENCE, Judge: In this cause of action, the plaintiff challenges the decision of the collector of customs at the port of Chicago in excluding from entry into the United States certain artificial geraniums exported from Hong Kong.

The jurisdiction of this court was invoked pursuant to the provisions of section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514), which, insofar as pertinent here, reads:

\* \* \* all decisions of the collector, \* \* \* excluding any merchandise from entry or delivery, under any provision of the customs law, \* \* \* shall, \* \* \* be final and conclusive upon all persons \* \* \*, unless the importer, consignee, or agent of the person \* \* \* seeking such entry or delivery, shall, within sixty days after, but not before such \* \* \* decision, or refusal, as the case may be, \* \* \* file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, \* \* \* decision, or refusal, the reasons for the objection thereto. \* \* \*

The collector exercised his authority in accordance with the Copyright Act of July 30, 1947, chapter 391, 61 Stat. 663; title 17, U.S.C., section 106, which reads as follows, the pertinent part being stressed:

*The importation into the United States* of any article bearing a false notice of copyright when there is no existing copyright thereon in the United States, or *of any piratical copies of any work copyrighted in the United States, is prohibited.*

Section 106, *supra*, is implemented by section 109 of said act which provides that the Secretary of the Treasury is empowered and required to make appropriate rules and regulations for its enforcement.

Section 11.20(a) of the Customs Regulations of the United States, codified in title 19, CFR, chapter 1, defines "piratical copies" as follows:

(a) Actual copies or substantial reproductions of legally copyrighted works produced and imported in contravention of the rights of the copyright proprietor shall be considered "piratical copies" within the meaning of the Copyright Act.

At the trial, protest 60/17717 was consolidated for hearing with protest 61/2118 of the same plaintiff and involving the same primary issue.

Prior to the introduction of testimony, counsel for the Government conceded that the merchandise represented by "Exhibit 1 in Protest 60/17717, is not a piratical copy"; and, in its brief, appears the statement, "\* \* \* we hereby consent to entry of a judgment sustaining that protest as to such flowers."

In view of this concession, it is deemed prudent, in order to expedite final disposition of protest 60/17717, to sever it from protest 61/2118 and issue a separate decision and judgment thereon.

For the reasons above stated, protest 60/17717 is sustained, and judgment will issue in conformity with the views above expressed.