(C.D. 2306)

NORWOOD IMPORTS *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 27, 1961)

*Theodore R. Scott* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* and *Richard E. FitzGibbon,* trial attorneys), for the defendant.

*Kane, Dalsimer & Kane* (*Philip T. Dalsimer* and *John Kurucz* of counsel) and *Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) as *amici curiae.*

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Plaintiff contends that the collector of customs at Chicago erroneously excluded from entry into the United States certain artificial geraniums, which had been shipped from Hong Kong, China.

The jurisdiction of this court was invoked pursuant to the provisions of section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514), which, insofar as material here, reads:

* * * all decisions of the collector, * * * excluding any merchandise from entry or delivery, under any provision of the customs law, * * * shall, * * * be final and conclusive upon all persons * * *, unless the importer, consignee, or

1

agent of the person \* \* \* seeking such entry or delivery, shall, within sixty days after, but not before such \* \* \* decision, or refusal, as the case may be, \* \* \* file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, \* \* \* decision, or refusal, the reasons for the objection thereto. \* \* \*

The authority for the collector's action of exclusion derives from the Copyright Act of July 30, 1947, 61 Stat. 663, chapter 391 (17 U.S.C. § 106), which reads as follows, the pertinent text being stressed:

*The importation into the United States* of any article bearing a false notice of copyright when there is no existing copyright thereon in the United States, or *of any piratical copies of any work copyrighted in the United States, is prohibited.*

Section 106, *supra*, is implemented by section 109 of said act, which provides that the Secretary of the Treasury is empowered and required to make appropriate rules and regulations for its enforcement.

Section 11.20 (a) of the Customs Regulations of the United States, codified in title 19 CFR, defines "piratical copies" as follows:

(a) Actual copies or substantial reproductions of legally copyrighted works produced and imported in contravention of the rights of the copyright proprietor shall be considered "piratical copies" within the meaning of the Copyright Act.

At the trial, a companion protest, 60/17717, filed by Karl Schroff & Associates, Inc., was consolidated for hearing with protest 61/2118 now under consideration.

It appearing from the record that counsel for the Government conceded that the merchandise to which protest 60/17717 related was not a piratical copy, that protest was severed from protest 61/2118, and judgment was issued sustaining said protest 60/17717. *Karl Schroff & Associates, Inc. (for the account of Norwood Imports)* v. *United States*, 47 Cust. Ct. 339, Abstract 66143.

At the outset, we are confronted with a confused state of the record.

Among the official papers transmitted to the court by the collector of customs at Chicago, in this case, are two communications addressed to the collector, one dated September 27, 1960, signed Norwood Imports by Davis G. McCarn, the other a letter, dated December 22, 1960, transmitting "a formal protest in behalf of Karl Schroff & Associates, Inc., against the exclusion of a shipment of geraniums covered by Consumption Entry No. 4758 dated August 22, 1960. The letter with an enclosure was received at the Customhouse, December 23, 1960."

The collector's letter states, in part:

The protest [of Karl Schroff & Associates] was not received within the statutory period. Attached to the protest file, however, is importer's letter to

this office dated September 27, 1960, which, although not treated as a formal protest, was timely filed and did express dissatisfaction with the collector's decision withholding release of the merchandise (Seizure-Case #877).

The letter referred to in the above quotation was addressed to the collector of customs at Chicago under date of September 27, 1960, and is signed Norwood Imports by Davis G. McCarn. The letter bears the endorsement "Received Collector of Customs Sep 28 1960 Chicago 7, Ill." Furthermore, the letter refers to entry number 4758, which is dated August 22, 1960, and relates to 1 carton of plastic flowers.

It is stated in the letter that "The Geraniums covered by this recent Entry, are substantially different from those covered by the Entry #20132, of March 1, 1960. It is different in size, in the conformation of the flowers, in the shape of the stems, and in other respects." Parenthetically, it may be noted that entry number 20132 is the one that was covered by our decision in the *Karl Schroff* case, above referred to.

The letter concludes "We believe this Entry #4758 should be released immediately, or alternatively original Entry #20132 should be released."

Coupling the foregoing extracts from the Norwood Imports' letter of September 27, 1960, with the statement of the collector of customs in his letter of transmittal that the Norwood letter "* * * although not treated as a formal protest, was timely filed and did express dissatisfaction with the collector's decision withholding release of the merchandise * * *," we regard said Norwood letter as sufficient to meet the requirements of the statute (section 514, *supra*) that a protest shall set forth "* * * distinctly and specifically, and in respect to each entry, * * * or refusal, the reasons for the objection * * *" to the collector's decision. Note *The George C. Whitney Co.* v. *United States*, 16 Ct. Cust. Appls. 301, T.D. 42874, and cases cited therein.

As stated in the *Whitney* case:

The statute requiring a protest on the part of importers was not designed for men learned in the law and trained to the niceties in pleading but for men engaged in commercial pursuits. Strict rules of construction are not applicable to protests, and it is sufficient if the importer indicates distinctly and definitely the sources of his complaint and his desire to make it the foundation of a claim against the Government. * * *

Obviously, the collector was well informed of the objection in the mind of the importer. We, accordingly, find and hold that the letter, dated September 27, *supra*, was a valid protest and, in accordance with the collector's letter of transmittal, that the protest was timely filed.

We hereby dismiss the protest signed by Karl Schroff & Associates, Inc. (for the Account of Norwood Imports), importer of record, by J. E. Smith, vice president, which, as shown by the endorsement

thereon was received by the collector December 23, 1960, more than 60 days after the exclusion of the merchandise from entry by the collector, and was, therefore, untimely.

It appears from what we have said above that Norwood Imports is the real plaintiff herein, since that concern is shown to be the actual owner of the merchandise in controversy.

Although the case has been tried and briefed under the title of "Karl Schroff & Associates, Inc. (for the Account of Norwood Imports)" as plaintiff, the title of the case is changed to read, "Norwood Imports v. United States."

In the proceedings before the trial judge, plaintiff did not introduce any oral testimony, but rested its case upon the following exhibits:

Exhibit 2—specimen of the artificial geraniums involved in protest 61/2118.

Exhibit 3—copy of Circular No. 1015, issued by the Treasury Department, Bureau of Customs.

Exhibit 3–A—photograph which was attached to exhibit 3. It was agreed between adversary counsel that the photograph, exhibit 3–A, was attached to Circular No. 1015, exhibit 3 "at the time it was received in the Chicago office." Said exhibit also bears the endorsement, "A. E. Decamp, Certificate of Copyright Registration No. Gp 20352—Class G—May 6, 1959 ARTIFICIAL GERANIUM."

Exhibit 4—certificate of the copyright registration, Gp 20352, obtained by A. E. Decamp, a citizen of France, covering a floral creation.

Exhibit 5—certified photographic likeness of the copyrighted article on deposit in the Library of Congress and the subject of copyright registration number Gp 20352.

With these exhibits before the court, counsel for plaintiff stated "I feel, your Honor, that the five exhibits which are in evidence conclusively demonstrate that neither of the flowers—now the only one that's left in controversy is Exhibit 2, but that this flower is not a piratical copy of the certified copyrighted work. And I would inquire if Government counsel will confess that it was led into error by the copyright owner in this case and consent to the entry of judgment releasing both shipments," to which counsel for the United States replied "No; no such confession." Whereupon plaintiff rested its case.

It is observed that the definition of the words "piratical copies" includes not only "actual copies" but as well "substantial reproductions" of legally copyrighted works.

If we were required to determine, at this point, whether or not plaintiff had made a *prima facie* case, we would have to exercise our judicial knowledge and, by ocular inspection and comparison of exhibit 2 with exhibits 3–A and 5, declare that exhibit 2 is not a piratical

copy of the copyrighted article. However, we are of the considered opinion that the refinements of a comparison between a physical exhibit of an artificial geranium with a photograph is quite beyond the realm of judicial notice.

A Government official acting in the discharge of his duties over which jurisdiction is given him is presumed to have acted rightly. Therefore, it must be presumed that the collector of customs properly discharged his duties in excluding the geraniums in controversy, and the burden rests upon plaintiff of proving in fact and law that error has been committed. *United States* v. *Frank & Lambert*, 2 Ct. Cust. Appls. 239, T.D. 31973; *United States* v. *Glendinning, McLeish & Co., Inc.*, 12 Ct. Cust. Appls. 222, T.D. 40229; *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75.

A review of the record satisfies us that plaintiff failed completely in its effort to prove that said geraniums were illegally excluded from entry.

In any event, the evidence introduced on behalf of the defendant establishes beyond question that if not "actual copies," the imported geraniums are, in any event, "substantial reproductions" of legally copyrighted works produced and imported in contravention of the rights of the copyright proprietor and, therefore, are "piratical copies" within the meaning of the Copyright Act.

Defendant's witness, Jerome Marrow, a manufacturer of plastic flowers, had been in that business 37 years with the Rico International, a firm located in British Hong Kong. During the past 3½ years, the witness had been producing artificial flowers in plastic, and he showed an intimate knowledge of their production, construction, shaping, and conformation. He compared exhibit 2, which represents the excluded geranium, with exhibit 5, the photograph of the copyrighted flower, both of which were introduced by plaintiff, and, after thorough and careful examination in comparison, unhesitatingly declared that they were identical.

Further, the witness testified—"when the leaves from the two different products were laid together, one on top of another, every indentation, every cut edge, every vein, every little line are absolute matches." This testimony was not refuted.

Several briefs have been filed herein. In addition to those filed by adversary counsel, others have been filed by *amici curiae*. Various questions bearing upon the subject matter in controversy have been raised by counsel, but the conclusion we have reached herein makes it unnecessary for us to consider them at this time.

Upon the record before us and for the foregoing reasons, the protest filed by Norwood Imports is overruled, and judgment will issue in conformity with the views above expressed.